IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TWO STATE SOD FARMS, LLC                                                              PLAINTIFF

v.                                          Civil No. 03-2121

L & S TRUCK & TRAILER SALES, INC., et al.                                        DEFENDANTS

**O R D E R**

Before me is the motion of the plaintiff Two State Sod Farms to set aside a sale of property (Doc. 54).

On June 24, 2003, plaintiff filed this diversity action for monies owed on the purchase of sod against defendants L & S Truck and Trailer, River Valley Golf of Alma, and Curtis Lloyd. On August 9, 2004, a consent judgment was filed against defendants L & S and River Valley in the amount of $162, 596.50. Separate defendant Lloyd was dismissed from the lawsuit with prejudice.

On August 4, 2005, plaintiff filed an application for a writ of execution which was granted on August 22, 2005. On August 30, 2005, the Clerk's Office issued to plaintiff a writ of execution as to L & S and River Valley.

In the instant motion, plaintiff alleges that on June 20, 2003, defendant L & S, owner of the land improved by the sod work, conveyed the land to "Lloyds." Plaintiff claims the conveyance was in violation of Ark. Code Ann. § 4-59-204(a)(1) and (a)(2)(b)(1), (b)(2), (b)(4), and (b)(10). Plaintiff further alleges that Curtis Lloyd, acting on behalf of the other defendants, then sold the land to Larry Goins of the Goins Family Revocable Trust on February 4, 2004. Plaintiff claims that this sale

should be set aside under Ark. Code Ann. § 4-59-207(a)(1) and (b) and the property auctioned or placed in receivership.

Ancillary jurisdiction may be exercised "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994)). "Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367." *Id.* n. 5.

"[A]ncillary jurisdiction typically involves claims by a defending party hailed into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." *Id.*, at 355 (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). The basis of the doctrine is "to protect legal rights or effectively resolve an entire, logically entwined lawsuit." *Id.* (quoting *Kroger*, at 377). Once judgment is entered, the ability to resolve factually intertwined issues vanishes and neither the convenience of the litigants nor considerations of judicial economy justifies the extension of ancillary jurisdiction. *Id.* (citing *Kroger*). The Supreme Court cautions against the exercise of jurisdiction over "entirely new and original proceedings" or where the relief sought is of a different kind or degree than that of the prior decree. *Id.* at 358 (citations omitted).

A court may exercise its ancillary jurisdiction in subsequent proceedings to enforce its judgments; ancillary jurisdiction has been approved by the Supreme Court for "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments – including attachment, mandamus, garnishment, and the prejudgment avoidance

of fraudulent conveyances. *Id.* at 356 (citations omitted). The Supreme Court has not, however, extended supplemental proceedings "beyond attempts to execute, or to guarantee eventual executability of, a federal judgment. We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* at 357 (citations omitted).

In this case, judgment has been entered and a writ of execution issued. The instant motion, coming a year after the judgment, in essence presents a new lawsuit. A ruling on the motion would require this court to determine entirely new facts and claims concerning the land in question that would affect the rights of not only the parties but also non-parties. A hearing or trial would be necessary to resolve contested facts and non-parties would have to be made parties to the action. Based on the principles announced above, I find that plaintiff's motion does not present claims that are proper for the exercise of ancillary jurisdiction.

Accordingly, the motion to set aside sale of property is hereby dismissed without prejudice.

IT IS SO ORDERED this 22nd day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE